KANTOR et al. v. MURCHIE, U. S. Marshal.

(District Court, D. Massachusetts. November 14, 1913.)

No. 795.

COURTS (§ 499*)—CONFLICTING JURISDICTION—PROPERTY IN CUSTODY OF MARSHAL.

Property taken by a United States marshal from a person arrested by him was held by him as marshal; it was his duty to return it upon proper demand, and he could not be interfered with in the performance of this duty by process from any other court; and hence a trustee attachment against him individually, issued by a state court, and a writ of injunction from a state court forbidding him to return the property, did not justify him in withholding it from the person legally entitled thereto.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1336, 1337; Dec. Dig. § 499.*]

Application by Sol. B. Kantor and another for an order directing Guy Murchie, United States Marshal, to deliver to them certain property. Marshal ordered to return the property to the person legally entitled thereto, without regard to certain process from the state courts.

William Charak, of Boston, Mass., for plaintiff.

Friedman & Atherton, of Boston, Mass., for trustee in bankruptcy.

Guy Murchie, of Boston, Mass., pro se.

MORTON, District Judge. This is a summary proceeding instituted by Kantor and Hinton by their petition for an order directing the United States marshal to return certain property which is now in his possession, and which was taken from the petitioner Kantor under the circumstances hereinafter set forth. All parties interested, namely, Guy Murchie, Esq., United States marshal for this district, Percy A. Atherton, trustee, Sol. B. Kantor, and John Hinton appeared before the court, and such evidence was taken as any party desired to offer.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I find the material facts to be as follows:

On October 31, 1913, the petitioner Kantor was arrested by a deputy United States marshal upon a warrant issued by a United States commissioner. Upon being searched, as is customary in the case of all prisoners, a package containing about $20,000 worth of uncut diamonds was found on Kantor's person. This package was taken from him by the deputy marshal, who searched him, and was sealed up and put in the safe in the United States marshal's office. The diamonds appear to have been lawfully in Kantor's possession, and to be entirely unconnected with the matter on account of which he was arrested. Guy Murchie, Esq., the United States marshal for this district, has, in his individual capacity, been summoned as trustee in an action brought in the superior court of Massachusetts by Atherton, Trustee, v. Kantor, and has also been served with a writ of injunction issued by the Supreme Judicial Court of Massachusetts, forbidding him from giving up these diamonds. Kantor and Hinton (the latter claiming to be the real owner of the diamonds) demanded the return of them, and upon the marshal's refusal to deliver them because of uncertainty as to his duty in the premises, brought this petition. The marshal also desires the instruction of the court as to the proper course for him to pursue.

Without going into all the evidence I am clearly of opinion, and I find, that Mr. Murchie does not hold the diamonds in his individual capacity, but as United States marshal for this district, as property rightfully taken from a prisoner under arrest.

It is the marshal's duty to return this property upon proper demand therefor. He cannot be interfered with in the performance of his duty by process from any other court. It seems to me that neither the trustee attachment nor the writ of injunction affords any ground for withholding from the petitioners, if otherwise entitled to them, the diamonds in question in this case. Ableman v. Booth, 21 How. 506, 16 L. Ed. 169; In re Neagle, Petitioner, 135 U. S. 1, 10 Sup. Ct. 658, 34 L. Ed. 55. Even under the state law this property could not, I think, have been reached by trustee process. Mass. Rev. Laws, ch. 189, § 31; Robinson v. Howard, 7 Cush. (Mass.) 257; Morris v. Penniman, 14 Gray (Mass.) 220, 74 Am. Dec. 675.

I have conferred with the Justice of the Supreme Judicial Court of Massachusetts by whom the injunction referred to was issued; it is his opinion, as well as mine, that property in the possession of the United States marshal cannot be reached by process from the state courts. The injunction in question was only issued to cover the possibility that Mr. Murchie might be holding property, not in his official capacity, but as a private individual.

The marshal ought to return the property at once to the person legally entitled thereto, without regarding either process issued by the state courts.

So ordered.